[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12946
Non-Argument Calendar

_____

D. C. Docket No. 04-00049-CR-J-99-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY CONRAD BEEKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 15, 2006)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Anthony Conrad Beeks appeals the district court's denial of his motion to

dismiss an indictment charging him with identity theft and credit card fraud.  After review, we conclude that the district court properly denied Beeks's motion and affirm Beeks's conviction and sentence.

## I.  BACKGROUND

In May 2003, Beeks pled guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371.  The "Factual Basis" attached to and incorporated into the written plea agreement stated that, in approximately June 1999 and August 2000, Beeks conspired with another individual, Milton B. Miller, to assist people with bad credit to obtain fraudulent automobile loans from federally insured financial institutions.  Specifically, for a fee, Miller would provide the car-buyers with falsified credit information indicating that the car-buyer earned more than he or she actually did, and then Beeks would send the car-buyers to financial institutions where he had paid employees to process car-buyers' fraudulent loan applications.

The plea agreement also contained a provision in which the government agreed not to pursue other federal charges known to the U.S. Attorney and "related to conduct giving rise to the plea agreement," as follows:

> 4.    No Further Charges
>
> If the court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to

2

charge the defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

The plea agreement also stated that it was the entire agreement between the government and Beeks, and that no other promises, agreements or representations existed or had been made to Beeks or his attorney.

In February 2004, the government obtained an indictment against Beeks charging him with identity theft of a man named David J. Bird, in violation of 18 U.S.C. § 1028(a)(7) and (b)(1), and credit card fraud, in violation of 18 U.S.C. § 1029(a)(2) and (c)(1), between June 24, 2002 and October 24, 2002.  Beeks moved to dismiss the indictment based on the "No Further Charges" provision in his plea agreement for the bank fraud conspiracy offense.  After holding an evidentiary hearing, the district court denied Beeks's motion, finding that, because the identity theft and credit card fraud charges were not related to Beeks's conduct that gave rise to the bank fraud charge, the government did not breach the "No Further Charges" clause of the plea agreement.

Beeks pled guilty to the identity theft and credit card fraud charges, reserving his right to appeal the denial of his motion to dismiss the indictment. This appeal followed.

## II.  DISCUSSION

On appeal, Beeks argues that the district court erred in denying his motion to dismiss the indictment. According to Beeks, the "No Further Charges" provision of his prior plea agreement barred the government from bringing the identity theft and credit card charges contained in the present indictment. We disagree.[1]

When a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 499 (1971). "[I]n determining whether the government has breached a plea agreement, we must first determine the scope of the government's promises." United States v. Copeland, 381 F.3d 1101, 1105 (11th Cir. 2004). To determine the meaning of any disputed terms in the agreement, we apply an objective standard, deciding whether the government's actions are consistent with what the defendant reasonably understood when entering his guilty plea. Id.

In determining the scope of the plea agreement, we must first decide whether the language in the plea agreement is ambiguous. "If it is, we will consider

---

[1] We review de novo whether the government has breached a plea agreement when, as here, the defendant preserved that argument in district court. United States v. Copeland, 381 F.3d 1101, 1104 (11th Cir. 2004). The district court's factual findings regarding the scope of the agreement, including the government's promises, will only be set aside if they are clearly erroneous. Id. at 1105.

extrinsic evidence of the parties' intent in arriving at an interpretation of the agreement's language and will rely on [recognized] standards of interpretation; otherwise, we are limited to the unambiguous meaning of the language in the agreement." Id. at 1106.[2]

Here, Beeks's claim that the government breached the plea agreement turns on the scope of the "No Further Charges" provision. Specifically, we must decide whether Beeks's identity theft and credit card fraud charges are "related to the conduct giving rise to this plea agreement."

First, we find no facial ambiguity to the phrase "related to the conduct giving rise to this plea agreement." The term "related to" is used in its ordinary sense to mean connected to or associated with. Thus, the plain meaning of the "No Further Charges" provision is that the government agrees not to bring any other charges in connection with Beeks's participation in the bank fraud scheme.

Second, no defendant could have reasonably understood the phrase "related to the conduct giving rise to this plea agreement" to include Beeks's stealing David J. Bird's identity and engaging in credit card fraud. Beeks's present offenses bear

_____

[2]The standards applied to the interpretation of ambiguous plea agreements include the following: (1) the court should avoid a "hyper-technical reading of the written agreement" or employing "a rigidly literal approach in the construction of language"; (2) "the written agreement should be viewed against the background of the negotiations and should not be interpreted to directly contradic[t] [an] oral understanding"; and (3) ambiguous terms should be read against the government. United States v. Jefferies, 908 F.2d 1520, 1523 (11th Cir. 1990) (internal quotation marks omitted) (alteration in original).

no relation to the bank fraud conduct. First, they are temporally distinct. The bank fraud occurred between 1999 and 2000. The identity theft and credit card fraud occurred between June and October, 2002, two years later. Second, the bank fraud involved qualitatively different misconduct. Beeks's role in the bank fraud scheme was to direct prospective car buyers referred by his co-conspirator to employees at financial institutions whom Beeks had already paid to process the fraudulent loan applications. This conduct did not involve either identity theft or credit card fraud. Third, the two sets of offenses involved different individuals. Specifically, Beeks's co-conspirator in the bank fraud, Miller, was not implicated in Beeks's identity theft and credit card fraud, and Beeks's victim in the identity theft and credit card fraud, Bird, was not implicated in the bank fraud.

Indeed, the only thing these two sets of offenses have in common is Beeks. However, to be barred by the plea agreement, the charges must relate to Beeks's conduct in the bank fraud scheme, not just to Beeks himself. Likewise, the fact that the government may have begun investigating Beeks's identity theft and credit card fraud while he was under arrest for bank fraud does not mean that the identity theft and credit card fraud are "related to" Beeks's conduct in the bank fraud scheme.[3]

_____

[3]The district court concluded that the phrase "related to the conduct giving rise to this plea agreement" was ambiguous and considered extrinsic evidence to conclude that the instant

6

Because the government did not breach the bank fraud plea agreement by bringing the identity theft and credit card fraud charges, the district court properly denied Beeks's motion to dismiss the indictment. Therefore, we affirm Beeks's conviction and sentence.

**AFFIRMED.**

---

charges did not fall within the scope of government's promise not to bring further charges. Specifically, the district court considered the following: (1) at the time Beeks was arrested on bank fraud charges in February 2003, evidence was collected during a search of his residence that might have supported identity theft and credit card fraud charges; (2) postal inspectors interviewed Beeks at that time regarding a complaint of credit card/identity theft relating to Bird; (3) Beeks's counsel was told by the prosecutor that the government believed Beeks may have participated in credit card fraud; (4) Beeks's counsel had asked for, but had been refused, a promise from the government to drop any credit card fraud charges; and (5) the government had threatened Beeks's counsel with the possibility of more serious bank fraud charges under a superseding indictment. Because we conclude that the phrase is not ambiguous, our ruling does not rely upon the extrinsic evidence considered by the district court. See Copeland, 381 F.3d at 1106 (explaining that, where the plea agreement's language is unambiguous, the court is limited to that unambiguous meaning and does not consider extrinsic evidence). However, even if the language is ambiguous, the district court did not err in denying the motion because the above-listed extrinsic evidence supports the conclusion that the "No Further Charges" provision of the plea agreement did not bar the identity theft and credit card fraud charges.